**IN THE COURT OF APPEALS OF IOWA**

No. 13-2007
Filed November 13, 2014

**GUILLERMO LOPEZ-HERNANDEZ,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.

Guillermo Lopez-Hernandez appeals the district court's denial of his

postconviction-relief application. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey and

Dennis D. Hendrickson, Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, John P. Sarcone, County Attorney, and Nan Horvat, Assistant County

Attorney, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Guillermo Lopez-Hernandez pled guilty to two counts of third-degree sexual abuse in connection with the fondling of a twelve-year-old girl. He was sentenced to prison terms not exceeding ten years, to be served consecutively. His plea attorney did not file a notice of appeal.

Lopez-Hernandez filed a postconviction relief application. He alleged his plea attorney was ineffective in failing to "perfect an appeal based upon an abuse of discretion by the sentencing judge when ordering the sentences imposed to be run consecutive and not concurrent." Following a hearing, the district court denied the application.

On appeal, Lopez-Hernandez contends the district court "erred in failing to find criminal case counsel ineffective for failing to file a direct appeal." In his view, "an appeal issue existed—abuse of sentencing discretion—for the court determining lack of acceptance of responsibility where, arguably, there was acceptance of responsibility." He asserts there was "no attorney-client discussion about appealing from an abuse of sentencing discretion."

The United States Supreme Court addressed this type of ineffective-assistance-of-counsel claim in *Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000). There, the defendant claimed his plea attorney did not file a notice of appeal as she had promised to do. *Flores-Ortega*, 528 U.S. at 474. The Court framed the issue as follows: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" *Id.* at 477. The Court articulated a two-part analysis: (1) "whether counsel in fact consulted

with the defendant about an appeal" and (2) "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* at 478.

Beginning with the first question, Lopez-Hernandez's attorney testified by deposition that her standard practice was to engage in a conversation about appeal rights but she had no specific recollection of such a discussion with Lopez-Hernandez. Lopez-Hernandez, in contrast, unequivocally testified he had no such discussion with her after sentencing. Because Lopez-Hernandez recalled the absence of a discussion and his attorney had no specific recollection one way or another, Lopez-Hernandez's testimony is necessarily controlling. Accordingly, on our de novo review, we find counsel did not engage in a discussion with Lopez-Hernandez about his appeal rights.

This brings us to the second question: "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.*

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

*Id.* at 480.

To reiterate, the district court based the decision to impose consecutive sentences on Lopez-Hernandez's failure to take full responsibility for his actions. Lopez-Hernandez contends the court's reasoning amounts to an abuse of discretion because his guilty plea was tantamount to taking full responsibility. Lopez-Hernandez concedes the court's statement did not render the sentence illegal.

With this concession in mind, we conclude a rational defendant would not have wanted to appeal the district court's discretionary sentence if the sole basis for the appeal was the court's reliance on the defendant's failure to take full responsibility for his actions. A rational defendant would have thought twice about appealing on this ground where the court's statement was supported by the defendant's description of the offense as occurring while he was "playing" with the child.

We also find no reason to believe this specific defendant had an interest in appealing the consecutive sentences. At the plea hearing, the district court asked Lopez-Hernandez if he knew "what the maximum and minimum penalties" were for the crime. Lopez-Hernandez responded, "Yes." The court then asked him what he understood the maximum sentence to be. Lopez-Hernandez responded, "Ten years per each." After additional discussion about the sentence, the court inquired, "Do you have any questions about either the maximum or minimum penalty?" Lopez-Hernandez responded with the following question: "So how much would the maximum be?" The court answered, "The maximum would be twenty years in prison."

At the sentencing hearing, Lopez-Hernandez's attorney asked the court to impose the sentences concurrently "for a period of incarceration not to exceed ten years." Lopez-Hernandez, who had the benefit of an interpreter, offered no protestations when the district court declined to adopt this recommendation and decided to impose the sentences consecutively. He also expressed an understanding of his appeal rights as articulated by the district court.

In his testimonial deposition introduced at the postconviction relief hearing, Lopez-Hernandez admitted he pled guilty to a reduced crime and he could have faced up to twenty-five years in prison on the original charges. He also made it clear he only wished to appeal the sentence and not the plea. Accordingly, his assertion that he would have appealed the consecutive sentences rings hollow.

In the end, Lopez-Hernandez's ineffective-assistance-of-counsel claim looks very much like the following examples of professional competence, rather than incompetence, cited by the United States Supreme Court in *Flores-Ortega*:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.

*Id.* at 479-80 (internal citation omitted). We conclude counsel's failure to consult with Lopez-Hernandez did not amount to deficient performance. We affirm the district court's denial of his postconviction-relief application.

**AFFIRMED.**